Freeman, J.,
delivered the opinion of the court.
This suit is brought on the following contract: “We the undersigned, bind ourselves to pay John Walker $1,000 in the Bank of Tennessee, in exchange for a one thousand dollar bill, issued September 1, 1861, which said Walker received from Robert Hansels, as part payment for a lot of tobacco, if said bill should be pronounced by the bank not to be genuine or not as good as any of the other issue of the same bank.” The above instrument is signed by Hansels, and W. O. Britt, the last of whom was sued, but the suit dismissed as to him. Judgment was had against defendant, from which he has appealed to this court.
It is proper to state that the breaches of the contract assigned in the declaration are, that said one thousand dollar bill was not as good as the old issue of said bank, and the said defendant hath not redeemed said bill with the old issue, of said bank.
The only question necessary to be decided in the case is the correctness of the charge of his honor, *487 the Circuit Judge. It is as follows: “That the sense and meaning of the covenant sued on in its terms, bound the defendant, that the bank-note of one thousand dollars passed by the defendant to the plaintiff of the new issue was of as much value as the old issue, and if it was not worth as much at the time the covenant was entered into, the covenant was broken as soon as made.” He then charged the jury that the new issue of the Bank of Tennessee was put in circulation in violation of law, stood on the same ground as confederate money, and as matter of law had no value in 1864.
This charge is clearly erroneous. The value of the money or bill to be ascertained was its market value, was a question of fact for the jury, and not ■for the court. This vTas to be determined by the jury from the proof. Even though it had been a Confederate Treasury note, the same rule was applicable to the case and whatever might have been the law as to the illegality of the original issuance of the 'bill by the bank, it had no bearing whatever on the question of the market value of the bill assuming it to have been genuine as is not denied that it was. As a matter of course, -we intimate no opinion on the question of the legality or illegality of the issuance of the bill, that question, in our view of the case, not being before us. "We only hold that the court in his charge has assumed to decide on the facts of the case what should have been left to the jury, and that he has in fact decided the whole case by holding that the covenant was broken at the time' *488 it was made unless the new issue was of as much value as the old at the time, and then telling the jury that it was of no value at all.
We need not further criticise the several assumptions of the charge, in which other errors might be pointed out; as these errors are not likely to occur again on another trial, we content ourselves with reversing and remanding the case for another trial.